IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF PENNSYLVANIA

STACEY MANGEL

        Civil Action No. 2:22-cv-1543

    Plaintiff,

v.

COMMUNICARE HEALTH SERVICES, INC.
HEALTH AND WELFARE PLAN and
UMR, INC.,

    Defendants.        **JURY TRIAL DEMANDED**

## Complaint

AND NOW comes the Plaintiff, by and through her attorneys, Goodrich and Geist, P.C., and William F. Goodrich, Esquire, who file the within Complaint:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over the federal claims in this action by virtue 29 U.S.C. §1132(e)(1) and 28 U.S.C. §§1331 and 1332 because this is a civil action arising under the laws of the United States and because there is complete diversity between the parties and the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction over the state law claims in this action by virtue of 28 U.S.C. §1367.

2. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(a) inasmuch as: (1) Plaintiff is a resident of the Commonwealth of Pennsylvania and lives in this District, (2) a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this district.

### Parties

3. Plaintiff, Stacey Mangel, is an adult individual, who presently resides on Flora Street, County of Allegheny, Commonwealth of Pennsylvania.

4. Defendant, Communicare Health Services, Inc. Health and Welfare Plan (hereinafter referred to as "Communicare", is an Ohio company with corporate headquarters located at 4700 Ashwood Drive, Suite 200, Cincinnati, Ohio 45241.

5. Defendant UMR, Inc. (hereinafter referred to as "UMR"), a UnitedHealthcare company, is a third-party administrator with a principal place of business located at 115 W. Wausau Avenue, Wausau, Wisconsin 54401.

**Facts**

6. From approximately 2013 to present, Plaintiff was employed by Communicare Health and worked at Wexford Healthcare Center, which is located at 9850 Old Perry Highway, Township of McCandless, County of Allegheny, Commonwealth of Pennsylvania 15090.

7. As one of the benefits of her employment, Plaintiff was eligible for health insurance coverage under the Communicare Health Services, Inc. Health and Welfare Plan through an insurance policy issued by Defendant UMR. A copy of the policy is not attached as Plaintiff is not in possession of said policy.

8. At all times relevant, Plaintiff paid for her health insurance benefits monthly and was the sole member of the health insurance plan.

9. At all times relevant, there existed a valid contract between Plaintiff and Defendants for health insurance benefits.

10. The employee benefits plans were established under ERISA for the purpose of providing eligible employees and their dependents with certain benefits, including health insurance coverage. At all times relevant, the Policy was subject to the terms and conditions of ERISA and was an employee welfare benefit plan within the meaning of ERISA §3(1), 29 USC §1002(1).

11.     At all times relevant, Defendant administered the Policy, exercised discretionary authority and/or discretionary control respecting management of the Policy; and exercised authority and/or control respecting management and disposition of the assets of the Policy. As such, Defendant was a fiduciary with respect to the Policy within the meaning of ERISA §3(21), 29 USC §1002(21).

12.     On November 2, 2018, Plaintiff was struck by a drunk driver and sustained a serious head injury.

13.     On November 2, 2018 and November 3, 2018, Plaintiff underwent medical treatment at Allegheny General Hospital.

14.     The original charge of $33,120.83 was sent to Plaintiff's auto insurance carrier, Nationwide, who paid $2,663.90, having exhausted the primary coverage of $5,000 for other attendant charges in conjunction with the medical charges incurred as a result of the injuries as proscribed under the Pa Financial Motor Vehicle Laws (Pa. M.V.F.R.L. 75 Pa. C.S.A. §§ 1701 et seq.)

15.     The outstanding bill was then sent to UMR for payment.

16.     UMR refused to pay the outstanding bill allegedly due to Plaintiff failing to provide details of the accident, while still recovering from the closed head injury, for which she is still treating.

17.     Plaintiff was never informed why additional information was needed for payment nor did she understand the machination of the two insurances.

18.     Defendants did not contact Plaintiff to obtain details from Plaintiff regarding this accident nor her injuries nor for what treatment she incurred along with the costs associated with it.

19. In January 2019, Defendant Communicare changed third party administrators, it was subsequently learned. As such, Defendant UMR was no longer Plaintiff's third-party administrator but continued to fail to provide payment.

20. Upon the third-party administrators changing, Defendant UMR still did not pay for Plaintiff's medical bill with Allegheny General Hospital nor did they respond to the requests for payment.

21. Upon the third-party administrators changing, Defendant Communicare still did not pay for Plaintiff's medical bill with Allegheny General Hospital.

22. On April 16, 2021, Plaintiff sent a letter to Allegheny Health Network requesting her medical bills for her treatment relative to her motor vehicle accident be calculated pursuant to the amounts of Act 6 under the Pennsylvania Financial Motor Vehicle Responsibility Act.

23. On July 23, 2021, Plaintiff sent a letter to UMR's Subrogation Department requesting an explanation as to why Plaintiff's $33,120.83 outstanding bill was not paid.

24. On October 7, 2021, Plaintiff sent a letter to the Claims Appeal Unit requesting an explanation as to why Plaintiff's $33,120.83 outstanding bill was not paid.

25. To date, Plaintiff have not received an explanation as to why Defendant has refused to pay Plaintiff's bill.

26. To date, Defendant has not paid for Plaintiff's medical bills stemming from her treatment on November 2, 2018 and November 3, 2018.

27. Plaintiff's Allegheny General Hospital bill is presently in collections due to Defendant's failure to pay said medical bill and as such, her credit is incurring damage.

28. Despite Defendants' failure to pay Plaintiff's Allegheny General Hospital bill, they paid Plaintiff's medical bills with other providers as a result of the November 2, 2018 accident.

29. Defendants' conduct in denying Plaintiff's health insurance claim constitutes malicious, willful, and/or wanton conduct that warrants punitive damages.

**COUNT I – CLAIMS FOR BENEFITS DUE PURSUANT TO
ERISA §§ 502(a)(1)(B)
Plaintiff v. Defendants**

30. Each of the above paragraphs is incorporated herein by reference.

31. Plaintiff was and is entitled to health insurance benefits under the terms of the policy.

32. Plaintiff has exhausted her remedies under the terms of the Policy.

33. Defendant's denial of Plaintiff's health insurance benefits was wrongful and violates the express terms and conditions of the Policy and the Plan.

34. Defendant's refusal to pay for Plaintiff's medical treatment was arbitrary and capricious for the following reasons:

   a. Failing to provide a reason as to why the treatment was not covered;

   b. Failing to inform Plaintiff how to perfect her claim under ERISA;

   c. In failing to objectively and fairly evaluate Plaintiff's medical bills;

   d. In withholding Plaintiff's medical insurance benefits;

   e. In failing to objectively and fairly evaluate and pay Plaintiff's medical bills;

   f. In acting unreasonably and unfairly in response to Plaintiff's request for payment of medical bills;

   g. In failing to pay Plaintiff's claims without factual or legal basis;

    h. In failing to attempt in good faith to effectuate a prompt payment for Plaintiff's medical bills;

    i. In failing to pay what was contractually owed to Plaintiff;

    j. In placing their interests above that of their insured;

    k. In acting with reckless indifference in processing Plaintiff's medical bills;

    l. In compelling litigation; and

    m. In failing to respond to Plaintiff's claims.

35. As a result of Defendants' conduct, Plaintiff has been injured and has sustained the following damages:

    1. Medical benefits payable under the Policy;

    2. Interest on the amount of the claim;

    3. Attorney's fees for prosecution of the claim pursuant to 29 USC §1132(g)(1);

    4. Costs related to the prosecution of the claim' and

    5. Adverse impact upon Plaintiff's credit rating.

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendants, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorneys' fees and the imposition of punitive damages.

**JURY TRIAL DEMANDED**

### COUNT II – BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA §§ 404(a)(1)(A) and 502(a)(3)
**Plaintiff v. Defendants**

36. Each of the above paragraphs is incorporated herein by reference.

37. By virtue of its position as a fiduciary of the Policy, Defendant owed a fiduciary duty to Plaintiff. Defendant has been unjustly enriched by breaching the fiduciary duty owed to Plaintiff.

38. Defendant breached this fiduciary duty owed to Plaintiff in the following ways:

    a. Failing to inform Plaintiff how to perfect her claim under ERISA;

    b. In failing to objectively and fairly evaluate Plaintiff's medical bills;

    c. In withholding Plaintiff's medical insurance benefits;

    d. In failing to objectively and fairly evaluate and pay Plaintiff's medical bills;

    e. In acting unreasonably and unfairly in response to Plaintiff's request for payment of medical bills;

    f. In failing to pay Plaintiff's claims without factual or legal basis;

    g. In failing to attempt in good faith to effectuate a prompt payment for Plaintiff's medical bills;

    h. In failing to pay what was contractually owed on behalf of Plaintiff's medical bills;

    i. In placing their interests above that of their insured;

    j. In acting with reckless indifference in processing Plaintiff's medical bills;

    k. In compelling litigation.

39. As a result of Defendants' conduct, Plaintiff has been injured and has sustained the following damages:

    1. Medical benefits and costs payable under the Policy;

    2. Interest on the amount of the claim;

    3. Attorney's fees for prosecution of the claim pursuant to 29 USC §1132(g)(2);

    4. Costs related to the prosecution of the claim; and

    5. Negative impact upon Plaintiff's credit rating.

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendants, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorneys' fees and the imposition of punitive damages.

**JURY TRIAL DEMANDED**

### COUNT III – BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA §§ 409 AND 503
**Plaintiff v. Defendants**

40. Each of the above paragraphs is incorporated herein by reference.

41. Defendants owed a fiduciary duty to Plaintiff.

42. Defendants breached this fiduciary duty by failing to comply with the claim's procedure requirements under ERISA and regulations promulgated thereunder by the US Department of Labor.

43. Defendants have been unjustly enriched by breaching this fiduciary duty.

44. As a result of Defendants' conduct, Plaintiff has been injured and has sustained the following damages:

    6. Medical benefits payable under the Policy;

    7. Interest on the amount of the claim;

    8. Attorney's fees for prosecution of the claim pursuant to 29 USC §1132(g)(1);

    9. Costs related to the prosecution of the claim and

    10. Negative impact upon Plaintiff's credit rating.

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendants, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorneys' fees and the imposition of punitive damages.

**JURY TRIAL DEMANDED**

<u>**COUNT IV – BREACH OF CONTRACT**</u>
**Plaintiff v. Defendants**

45. Each of the above paragraphs is incorporated herein by reference.

46. In the event that this Honorable Court determines that the Policy is not an ERISA Plan and/or that Defendants were not a fiduciary within the meaning of ERISA, Defendants breached their contract of health insurance coverage with Plaintiff in the following ways:

   a. In failing to objectively and fairly evaluate Plaintiff's medical bills;

   b. In withholding Plaintiff's medical insurance benefits;

   c. In failing to objectively and fairly evaluate and pay Plaintiff's medical bills;

   d. In acting unreasonably and unfairly in response to Plaintiff's request for payment of medical bills;

   e. In failing to pay Plaintiff's claims without factual or legal basis;

   f. In failing to attempt in good faith to effectuate a prompt payment for Plaintiff's medical bills;

   g. In failing to pay what was contractually owed to Plaintiff;

   h. In placing their interests above that of their insured;

   i. In acting with reckless indifference in processing Plaintiff's medical bills;

   j. In compelling litigation.

47. Defendants' refusal to pay Plaintiff's medical bills under the Policy constitutes a breach of duty imposed upon Defendants by the Policy.

48. As a result of Defendants' breach of its contractual obligations under the Policy, Plaintiff has been injured and has sustained the following damages:

> 11. Compensatory and/or consequential damages;
>
> 12. Interest on the amount of the claim;
>
> 13. Attorney's fees for prosecution of the claim;
>
> 14. Costs related to the prosecution of the claim;
>
> 15. Negative impact upon Plaintiff's credit rating.

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendants, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorneys' fees and the imposition of punitive damages.

**JURY TRIAL DEMANDED**

### COUNT V – BAD FAITH
### Plaintiff v. Defendants

49. Each of the above paragraphs is incorporated herein by reference.

50. In the event that this Honorable Court determines that the Policy is not an ERISA Plan and/or that Defendants were not a fiduciary within the meaning of ERISA, Defendants violated the Policy's covenant of good faith and fair dealing, committed the tort of bad faith and violated Pa. C.S.A. §8371 in the following ways:

> 1. In failing to objectively and fairly evaluate and pay Plaintiff's medical bills;
>
> 2. In withholding Plaintiff's medical insurance benefits;
>
> 3. In acting unreasonably and unfairly in response to Plaintiff's request for payment of medical bills;
>
> 4. In failing to pay Plaintiff's claims without factual or legal basis;

5. In failing to attempt in good faith to effectuate a prompt payment for Plaintiff's medical bills;

6. In failing to pay what was contractually owed to Plaintiff;

7. In placing their interests above that of their insured;

8. In acting with reckless indifference in processing Plaintiff's medical bills;

9. In compelling litigation.

51. By virtue of Defendants' actions, Defendants have acted in bad faith toward Plaintiff.

52. As a result of Defendants' actions, Plaintiff sustained the following damages:

1. Compensatory and/or consequential damages;

2. Interest on the amount of the claim;

3. Attorney's fees for prosecution of the claim;

4. Costs related to the prosecution of the claim; and

5. Negative impact upon Plaintiff's credit rating.

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendants, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorneys' fees and the imposition of punitive damages.

**JURY TRIAL DEMANDED**

Respectfully submitted:

*/s/ William F. Goodrich*
William F. Goodrich, Esquire
*Pa. I.D. #30235*

Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Phone: (412) 766-1455
Facsimile: (412) 766-0300
Email: bill@goodrichandgeist.com